## No. 3010

### Second Circuit

---

## PHILADELPHIA STORAGE BATTERY CO. v. BATTERY SERVICE, INC.

---

(February 3, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact, where not manifestly erroneous, are affirmed.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Philadelphia Storage Battery Company against Battery Service, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

White, Holloman & White, of Alexandria, attorneys for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

WEBB, J.  This action was brought to recover judgment on an open account, for

electric batteries sold defendant and for the amount of a freight bill paid by plaintiff on a shipment of batteries ordered by defendant and refused to be accepted, and in answer defendant admitted the account, denied liability for the amount claimed for freight, and alleged that it was entitled to credits on the account for items listed as discounts due defendant on purchases made subsequent to the date of the account, and for batteries sold by defendant to dealers subsequent to such date, and a claim for freight on shipments, and replacements, aggregating one hundred and forty-one and 08-100 dollars.

On trial judgment was rendered in favor of the plaintiff for the amount of the account and in favor of the defendant for credits amounting to sixty-eight and 04-100 dollars, for discounts on batteries resold by defendant to dealers, as shown by statements Nos. 4, 8 and 9, filed by defendant, from which judgment defendant appealed, and plaintiff has answered the appeal, praying that the judgment be amended so as to allow the claim for freight alleged to have been paid by it and rejecting the credits claimed by defendant.

It appears that at the time the open account sued upon was made, defendant had been purchasing batteries from plaintiff under an agreement by which a discount of five per cent was allowed where its account for goods purchased during the month was settled on or before the 10th of the succeeding month, and where batteries were resold by defendant to dealers an additional ten per cent on the price of the batteries sold would be allowed when reports of such sales were timely made, and that the freight on certain types of batteries would be paid by the shipper, but it is claimed that subsequently the agreement was modified, so as to allow the discounts on all purchases to be credited on the past due account, and that freight would be paid by the shipper on all batteries purchased.

We do not think that the evidence establishes that there was any subsequent agreement as claimed by defendant, but under the original agreement defendant was entitled to an allowance for discounts on batteries resold to dealers, and although the evidence is lacking in certainty as to when the reports were made on the sales of batteries to dealers, the manager of defendant company testified that he had made reports of such sales, and we cannot say the allowance of the claim for discounts on such sales is manifestly erroneous, but we do not think any of the other claims, as for cash discounts, freight or replacements, should be allowed under the vague and indefinite evidence offered which does not show that such discounts were not made on the drafts attached to the bills of lading or that the freight was paid, or that the replacement charges were authorized.

The plaintiff's evidence as to freight bills alleged to have been paid by it, is also indefinite, and fails to show the order or time of shipment, and we cannot say that the court was in error in refusing to allow plaintiff to recover on the evidence submitted.

The judgment is therefore affirmed.